STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-22

S\~ - ..\~:/- 10/3/....

JOHN P. COOK,

        Petitioner

    v.

COMMISSIONER, MAINE
DEPARTMENT OF HUMAN
SERVICES,

        Respondent

**DECISION ON
RULE 80C APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

NOV 5 2002

This matter comes before the court pursuant to M.R. Civ. P. 80C and 5 M.R.S.A. § 11002 on appeal from a decision of the Commissioner of the Department of Human Services (DHS). The Commissioner's decision dated February 15, 2002, adopted the findings of fact and recommendation of a hearing officer, who previously upheld a decision of DHS staff to remove the petitioner's name from the Maine Registry of Certified Nursing Assistants. The petitioner made a timely appeal of that decision.

### Background

Petitioner Cook, a Certified Nursing Assistant (CNA), applied for listing in the Registry for that position maintained by DHS. The application contained the question "Have you ever been convicted of any crime under the laws of any other state?" Cook checked the "yes" box and wrote the date "1985". Further instructions on the application form state "If you have answered 'Yes' . . . please attach court documents pertaining to each conviction." Cook did not have these documents with him at the time of the application, but was asked to provide that documentation when he received it. Approximately three weeks later, Cook submitted a document from the "AAA

1

Credit Screening Services" purporting to be a "criminal record check" with the results of "no record found." Since it was clear that there is a record even if AAA Credit did not find it, Cook was directed to get a report from the Federal Bureau of Investigation. When Cook finally submitted the FBI report, it was clear that he had a substantial record of criminal convictions from the mid-1970's to the mid-1980's which had led to extensive incarceration. Some time after the FBI report was received, the Department notified Cook that his application was denied because he had allegedly attempted to get Registry placement by fraudulent or deceitful means. Cook requested a hearing on this decision leading to the Commissioner's final decision.

## Discussion

The Rules and Regulations for the CNA Registry include the following:

> Any applicant who is found to have gained placement on the Registry based upon an application containing known misrepresentation(s) or fraudulent or deceitful means, shall be removed from the Registry.

The hearing officer's recommended decision, adopted by the Commissioner, concludes that Cook did obtain placement on the Registry by such known misrepresentation or by fraudulent or deceitful means. The hearing officer made extensive findings of fact, which the court finds to be supported by substantial evidence in the record. The hearing officer then stated his rationale for the recommendation, including the statement "When he filed his application, John P. Cook failed to accurately list detailed information as to the number of convictions, offenses and prison sentences." While this statement is factually correct, it begs the question that Cook was never asked to make such a list. In light of Cook's affirmative answer on the question of criminal conviction in another state, he was asked to provide documentation for those convictions, which he ultimately did. Failure to do something in the application process which has not

2

been requested by the agency would not be a reason to conclude that there was a known misrepresentation or a fraudulent or deceitful activity. *See Crocker v. Maine Employment Security Comm'n*, 450 A.2d 469 (Me. 1982). Therefore, the hearing officer and Commissioner committed error insofar as the "failure to list" rationale was used in reaching the final decision.

The "failure to list" rationale was not the only basis listed by the hearing officer in support of his decision. However, it is impossible to determine whether the hearing officer and the Commissioner would have arrived at the same ultimate conclusion if the "failure to list" rationale were excluded. For this reason, the court will grant the appeal and vacate the Commissioner's decision, but remand this matter to the Department for further consideration.

The entry will be:

(1)   The appeal is GRANTED.
(2)   The Commissioner's decision is VACATED.
(3)   REMANDED to the Commissioner for further proceedings consistent with this Decision.

Dated: October 3, 2002

_____
S. Kirk Studstrup
Justice, Superior Court

3

Date Filed __3/25/02__  __Kennebec__  Docket No. __AP02-22__
County

Action __Petition for Review__
80C

J. STUDSTRUP

John P. Cook                                    vs.    Commissioner, Dept. of Human Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Kenneth J. Albert, III<br>~~Kelly~~ (Student Atty.)<br>246 Deering Ave.<br>Portland, Maine 04102<br>-Judy Potter, Esq. (Faculty Supervisor) | Dale Denno, AAG<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 3/28/02 | Petition for Review of Final Agency Action, filed. s/Turner  s/Potter, Esq. (filed 3/25/02)<br>Application of Plaintiff to Proceed Without Payment of Fees, filed. s/Cook<br>Indigency Affidavit, filed. s/Cook<br>Client Consent to Representation, filed. s/Cook  s/Potter, Esq.<br>Copy of Summons with return service made upon Comm. Dept. of Human Services filed |
| 3/29/02 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Marden, J.<br>It is ORDERED that the filing fee is wavied, mediation fee is waived and service costs.<br>Copy mailed to atty of record. |
| 4/9/02 | Letter entering appearance, filed. s/Denno, AAG |
| 4/22/02 | Certified Record, filed. s/Denno, AAG.<br>Notice of briefing schedule mailed to attys of record. |
| 5/23/02 | Petitioner's Brief, filed. s/Turner, Esq. |
| 6/20/02 | Respondent's 80C Appeal Reply Brief, filed.  s/D. Denno, AAG |
| 7/5/02 | Appearance and Substitution of (Student) Counsel along with Client Consent to Representation and Substitution of Counsel, filed. |
| 7/10/02 | Petitioner's 80C Appeal Reply Brief, filed.  s/E. Coombe, Esq. (filed 7/5/02) |
| 9/5/02 | Oral arguments heard before the court with Justice Studstrup, Presiding along with counsel present for parties.  After arguments, matter taken under advisement.  Not recorded and no clerk present in courtroom. |
| 9/30/02 | Client Consent to Representation and Substitution of Counsel, filed. s/John P. Cook  s/Valerie Stanfill, Esq. (faculty supervisor)<br><br>Appearance and Substitution of Counsel, s/Kenneth J. Albert, III, (student Attorney)  s/Valerie Stanfill, Esq. (Faculty Supervisor |